| | |
|---|---|
| **BRYAN WAWNE STANLEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On May 18, 2021, pro se Petitioner Bryan Wayne Stanley ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of a mixture and substance containing methamphetamine in violation of 21 §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One); two counts of possession with intent to distribute a mixture and substance containing 50 grams or more of a detectable amount of methamphetamine and aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Counts Three and Five); and two counts of possession of a firearm in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. § 924(c) (Counts Four and Six).  [CR Doc. 1: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:23-cv-00001-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:21-cr-00033-KDB-DCK-2.

Petitioner agreed to plead guilty to Counts One, Three, and Five, and admitted to in fact being guilty of these charges, and the Government agreed to dismiss the remaining charges in the Indictment, including Petitioner's § 924(c) charges. [CR Doc. 29 at ¶ 1: Plea Agreement]. In the plea agreement, the parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) to jointly recommend a drug quantity of more than 200 grams but less than 15 kilograms. The parties also agreed to recommend that Defendant should receive a 2-level weapon enhancement pursuant to U.S.S.G. ¶ 2D1.1(b)(1). [Id. at ¶ 8]. Petitioner also stipulated that there was a factual basis for his guilty plea to these charges and that he had read, understood, and agreed with the factual basis that was filed with the plea agreement. [Id. at ¶ 11]. He also stipulated that the factual basis "may be used by the Court, the United States Probation Office, and the United States without objection by [Petitioner] for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id.]. The factual basis set forth, among other things, drug quantities consistent with those alleged in the Indictment as to each charge. [CR Doc. 27: Factual Basis].

Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 30: Acceptance and Entry of Guilty Plea]. A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the indictment and discussed it with his attorney. [Id. at ¶ 8]. The Court then explained the charges and the maximum penalties and mandatory minimum sentences for those charges. [Id.]. Petitioner told the Court that he fully understood the charges against him, including any maximum or minimum penalties he faced. [Id. at ¶ 9]. Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may

2

receive a sentence higher or lower than that called for in the guidelines. [Id. at ¶¶ 13, 15]. The Petitioner also attested that he understood that the District Judge could not determine the applicable guidelines range until after Petitioner's Presentence Investigation Report (PSR) was prepared. [Id. at ¶ 14]. Petitioner also told the Court that he understood that if his sentence is more severe than Petitioner expected, he would still be bound by his plea and would have no right to withdraw it. [Id. at ¶ 17]. Petitioner stated, under oath, that he is in fact guilty of the counts in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

After the terms of the plea agreement were summarized, Petitioner told the Court that he was aware that a factual basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 25, 30-1]. Petitioner told the Court that he was "satisfied with the services of [his] lawyer in this case," and attested that he had understood all parts of the proceeding and still wished to plead guilty. [Id. at ¶¶ 35, 36]. Petitioner's attorney stated that he had reviewed each of the terms of the plea agreement with Petitioner and was satisfied that Petitioner understood the terms. [Id at ¶ 38]. Thereafter, based on Petitioner's representations and answers given by Petitioner and his attorney, the Court found that Petitioner's guilty plea was knowingly and voluntarily made. [Id. at 4].

Prior to Petitioner's sentencing hearing, a probation officer prepared a PSR. [CR Doc. 41]. The probation officer recommended a base offense level of 34 on all three counts, which were grouped, based on a drug quantity of more than 5 kilograms but less than fifteen 15 kilograms attributable to Petitioner; a 2-level firearm enhancement, U.S.S.G. § 2D1.1(b)(1); and a 3-level reduction for acceptance of responsibility; for a total offense level of 33. [Id. at ¶¶ 33-34, 40-42]. Together with a criminal history category of I, the guidelines recommended a sentencing range of 135 to 168 months' imprisonment. [Id. at ¶¶ 61, 92].

Petitioner's attorney objected to the PSR's recommended drug quantity, arguing that only 200 to 350 grams of methamphetamine were attributable to Petitioner and noting that Petitioner understood that, pursuant to the plea agreement, the matter was "for hearing with the Court at sentencing." [See Doc. 39: Objections to PSR]. Petitioner's attorney argued that, based on a TOL of 25, the guidelines range should be 57 to 71 months. The Government responded under seal, presenting evidence supporting that Petitioner was responsible for 7,800 to 12,100 grams of methamphetamine. [CR Doc. 45: Govt's Resp.]. Petitioner's attorney replied, contesting the amounts shown by the Government and arguing that the Court should hold Petitioner responsible for "significantly less." [CR Doc. 50: Pet'rs Reply].

At sentencing, Petitioner withdrew his objection to the drug quantity. [CR Doc. 57 at 1: Statement of Reasons]. The Court found that 500 grams to 1.5 kilograms of methamphetamine was reasonably foreseeable to Petitioner, reducing the base offense level from 34 to 30 and yielding a guidelines range of 87 to 108 months' imprisonment. [Id.]. Petitioner's attorney moved for a downward variance and the Court sentenced Petitioner below the guidelines range to concurrent sentences of 78 months on each of Counts One, Three, and Five. [CR Doc. 56 at 2: Judgment; CR Doc. 57 at 3]. Judgment on Petitioner's conviction was entered on January 4, 2022. [Id.].

On January 6, 2023, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc. 1]. Petitioner claims that his counsel was ineffective because (1) he failed to object to the firearm enhancement and to "calculation of quantities," and (2) he did not explain the details or consequences of the plea agreement and it "was not knowingly and intelligently made." Petitioner also claims that the "924(c) Enhancement was unconstitutional" because the Government "had no facts to support" it and "it is unconstitutional on its face and as applied." [Id. 4-6]. Petitioner also states, but does not claim as a ground for relief, that his attorney "failed to file Notice of Appeal."

4

[Id. at 3]. For relief, Petitioner wants his sentence modified to remove the firearm enhancement and to "correct quantities." [Id. at 12]. Petitioner does not request a trial.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving

5

prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Further, a petitioner must show that proceeding to trial would have been objectively reasonable.  See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).  In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks.  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.  United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).  Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea.  See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).  A

guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Finally, counsel must file a notice of appeal when instructed to do so by the client. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Even if the client does not expressly request an appeal, counsel must consult with the client when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Although not determinative, a highly relevant factor is whether the conviction follows a trial or a guilty plea because a plea reduces the scope of potentially appealable issues and may indicate that the defendant seeks to end the judicial proceedings. Id. A defendant establishes prejudice by demonstrating a reasonable probability that he would have filed a timely appeal "'but for' counsel's failure to file or consult." Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015) (quoting Flores-Ortega, 528 U.S. at 484).

The Court will deny and dismiss Petitioner's motion to vacate for several reasons. First, Petitioner's claims are too vague and conclusory to withstand even the most favorable treatment by the Court. United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it is proper

7

Case 5:23-cv-00001-KDB   Document 2   Filed 02/24/23   Page 7 of 10

to dismiss vague and conclusory allegations). The Court denies Petitioner's claims based on his vague and conclusory allegations on this ground alone.

Second, Petitioner's claims of ineffectiveness are belied by Petitioner's sworn representations during the plea proceedings that he understood the charges; that he understood how the U.S.S.G. might apply to his case; that he understood the terms of the plea agreement, which included the joint recommendations for a 2-level weapon enhancement and a drug quantity between 200 grams and 15 kilograms of methamphetamine; that he was satisfied with his attorney's performance; and that he understood all parts of the plea proceedings and still wished to plead guilty. Petitioner has not alleged or shown extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing. See Lemaster, 403 F.3d at 221-22.

Third, Petitioner has shown no prejudice from any alleged ineffectiveness of counsel. That is, Petitioner does not ask that his plea agreement be set aside and his conviction and sentence be vacated so that he may proceed to trial. Rather, he seeks only to be resentenced without the firearm enhancement and based on a lower drug quantity. He baldly states that he "had no knowledge of the presence of any firearm" and that the drug quantity was factually incorrect. Petitioner, however, fails to address his agreement to recommend the firearm enhancement and to a drug quantity ultimately found by the Court. Moreover, Petitioner fails to allege what drug quantity he believes he is responsible for or any support for such quantity. Petitioner also fails to address the significant benefit he enjoyed from the dismissal of the § 924(c) counts, which would have involved substantial mandatory consecutive sentences, relative to the modestly increased sentence from a 2-level firearm enhancement. Petitioner does not show that proceeding to trial would have been objectively reasonable, even if he had shown deficient performance on any of these grounds. See Fugit, 703 F.3d at 260. In fact, proceeding to trial when facing mandatory consecutive sentences

8

Case 5:23-cv-00001-KDB   Document 2   Filed 02/24/23   Page 8 of 10

on Counts Four and Six, rather than accepting the highly favorable terms of the negotiated plea agreement, would have been objectively unreasonable. Thus, Petitioner's claims also fail because he has not adequately alleged or shown prejudice.

Fourth, Petitioner contends that his "924(c) Enhancement" was unconstitutional and was factually unsupported. Because the § 924(c) charges were dismissed as a condition of Petitioner's guilty plea, the Court assumes Petitioner intends to challenge the Court's application of the firearm enhancement. In addition to being vague and conclusory, see Dyess, 730 F.3d at 359-60, this claim is wholly without merit. Petitioner agreed to the enhancement as a condition of the plea agreement and the relevant conduct supported its application. [See CR Doc. 41 at ¶¶ 23-25].

Finally, to the extent Petitioner sought to assert a claim of ineffective assistance based on his attorney's failure to file a notice of appeal, he has failed to do so. Petitioner does not allege that he instructed his attorney to file an appeal. Moreover, Petitioner pleaded guilty, reducing the scope of potentially appealable issues, and did not allege or show a reasonable probability that he would have appealed "but for" his attorney's alleged failure to timely appeal.

In sum, for the reasons stated herein, Petitioner's claims are vague and conclusory, and he has failed to show deficient performance or prejudice or that the Court erred in applying the firearm enhancement. His claims are, therefore, denied.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

9

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 24, 2023

Kenneth D. Bell
United States District Judge